UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIE JOHNSON, *et al.*,

    Plaintiffs,

    v.                                            Civil Action 2:19-cv-4114
                                                    Chief Judge Algenon L. Marbley
                                                    Magistrate Judge Chelsey M. Vascura

SALLY TAMBORSKI, *et al.*,

    Defendants.

## ORDER and REPORT AND RECOMMENDATION

Plaintiffs Willie Johnson and Malcolm Stinson, currently inmates at Allen Correctional Institution ("ACI") and London Correctional Institution ("LCI"), respectively, bring this civil rights action under 42 U.S.C. § 1983 against several employees of the Ohio Department of Rehabilitation & Corrections ("ODRC"), alleging that Plaintiff Johnson was placed in restrictive housing and disciplined in retaliation for his provision of legal assistance to Plaintiff Stinson. This matter is before the Court for the initial screen of Plaintiffs' Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiffs' Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** Johnson's claims pursuant to §§ 1915(e)(2) and 1915A(b)(1) and that the Court **DISMISS** Stinson's access-to-courts claims without prejudice.

This matter is also before the Court for consideration of Johnson's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 5.) Johnson is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1).[1]

Johnson's certified trust fund statement reveals that he currently has less than $21 in his prison account. Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Johnson's inmate trust accounts at ACI is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10 until the full fee of $350 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

---

[1] Stinson has not paid the requisite filing fee or moved for leave to proceed *in forma pauperis*. However, for reasons discussed *infra*, it is recommended that Stinson's claims be dismissed and that the Court not assess the filing fee against Stinson.

It is **ORDERED** that Johnson be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Johnson and ACI's cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I. BACKGROUND

According to the Complaint, Plaintiff Johnson provided legal assistance to Plaintiff Stinson in connection with an action Stinson filed in the Ohio Court of Claims while both Johnson and Stinson were inmates at Ross Correctional Institution ("RCI"). (Compl. ¶ IV.B, ECF No. 1.) On August 9, 2017, Johnson asked Defendant Sally Tamborski, RCI's librarian/legal service supervisor, to deliver documents that Johnson drafted for Stinson's Court of Claims action to Stinson. (*Id.*) Rather than deliver the documents as requested, Tamborski confiscated the documents and turned them over to Defendant Bryan Wellinghoff, RCI's "investigator." (*Id.*) The Complaint alleges that at the time the documents were confiscated, the Court of Claims action was "facing a filing deadline" and that Tamborski's actions "effectively 'frustrated' the entitlement to 'access the court.'" (*Id.* ¶ IV.B.)

On August 14, 2017, Wellinghoff called Johnson and Stinson to his office and threatened Johnson with segregated housing time if he continued to assist other prisoners with legal issues. (*Id.* ¶ IV.B1.) A disciplinary proceeding was also commenced against Johnson before RCI's Rules Infraction Board ("RIB"), during which Defendant Sgt. Hinton, RCI's RIB Chairman, found Johnson guilty of several rules infractions due to his possession of documents related to Stinson's Court of Claims action. (*Id.* ¶¶ II.D.1, IV.B2.) Johnson alleges that his due process rights were violated when Hinton did not permit Stinson to testify at the RIB hearing as to the

legal assistance Johnson provided to him, even though Tamborski was permitted to testify. (*Id.* ¶ IV.B2.) As a result of these rules infractions, Johnson was placed in disciplinary segregation. (*Id.* ¶ V.) Johnson appealed Sgt. Hinton's ruling to Defendant HM. Hooks, RCI's Warden, and Defendant Gary Mohr, Director of Rehabilitation and Correction, who both affirmed Sgt. Hinton's findings. (*Id.* ¶ II.D4–D5.)

Johnson contends that Defendants took these actions in retaliation for his constitutionally-protected provision of legal assistance to Stinson in violation of 42 U.S.C. § 1983. The Complaint also states that the Defendants "engaged in conduct that adversely affects the instant Plaintiff and all prisoners within the [ODRC] and, as such, this case is idea [*sic*] for class certification." (*Id.* at ¶ IV.B4.) Johnson seeks injunctive and declaratory relief as well as compensatory and punitive damages. (*Id.* ¶ VI.)

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious; [or]

(ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir.

5

2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III. ANALYSIS

The undersigned construes the Complaint as seeking to advance claims by Johnson for First Amendment retaliation and Due Process violations, as well as a claim by Stinson for interference with his access to courts. The undersigned considers these potential claims in turn..

### A. Johnson's First Amendment Retaliation Claims

Under certain circumstances, inmates have a First Amendment right to be free of retaliation for assisting other prisoners with legal matters. *See Bell v. Johnson*, 308 F.3d 594, 609–10 (6th Cir. 2002); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). A retaliation claim entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Yet a "jailhouse lawyer's" provision of legal assistance is protected only if the prisoner receiving assistance is "unable to file his own complaint or grievance." *Evans v. Vinson*, 427 F. App'x 437, 445 (6th Cir. 2011). And even if another prisoner requires legal assistance, the state is required to permit the assistance of jailhouse lawyers only if no reasonable alternatives are

available. *Johnson v. Avery*, 393 U.S. 483, 490 (1969) (state may not bar inmates from providing legal assistance to other prisoners unless it provides reasonable alternatives).

Here, Johnson has failed to allege facts upon which the Court could rely to conclude that Stinson required help to file his own complaint or lacked reasonable alternatives to Johnson's assistance. Because Johnson has not sufficiently pleaded that he engaged in protected conduct, it is **RECOMMENDED** that the Court **DISMISS** his retaliation claim pursuant to §§ 1915(e)(2) and 1915A(b)(1).

**B.     Johnson's Due Process Claim**

Johnson has also failed to plausibly allege a due process claim. More specifically, Johnson's allegation that he was placed in disciplinary segregation as a result of the RIB's findings is insufficient to implicate federal due process concerns.

"[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "An inmate establishes a liberty interest when a change in conditions of confinement 'imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life.'" *Williams v. Lindamood*, 526 F. App'x 559, 562 (6th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "[A]n increase in security classification . . . does not constitute an 'atypical and significant' hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Harbin–Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (internal quotation marks and citation omitted). Likewise, confinement in segregation generally does not constitute a "atypical and significant" hardship except in "extreme circumstances, such as when the prisoner's complaint alleged that he is subject to an *indefinite*

7

administrative segregation" or that such confinement was excessively long in duration. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden–Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)) (emphasis in original). *See also Sandin*, 515 U.S. at 486 ("We hold that [the inmate's] discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."); *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (holding that neither "punishment of more than 60 days of punitive segregation" nor a change in security classification "give rise to a protected Fourteenth Amendment Liberty interest"); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (holding that inmate's placement in disciplinary confinement or a change in security classification or housing assignment did not implicate the Due Process Clause).

Here, Johnson has not alleged that he was placed in segregation indefinitely or for an excessively long period of time. Nor has he alleged that the RIB proceedings resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. Because Johnson's placement in disciplinary segregation is insufficient to implicate federal due process concerns , it is **RECOMMENDED** that the Court **DISMISS** his due process claim pursuant to §§ 1915(e)(2) and 1915A(b)(1).

## C.    Stinson's Access-To-Courts Claim

Although Stinson is listed as a Plaintiff in the caption of the Complaint, the allegations make only brief reference to denial of Stinson's access to courts. Instead, the allegations focus on the alleged harm to Johnson as a result of assisting Stinson with his Court of Claims action. In most places in the body of the Complaint, reference is made to only a single "Plaintiff" and the only Plaintiff's signature on the Complaint is Johnson's. Moreover, Stinson has not responded to the Court's September 26, 2019 deficiency notice requiring him to either pay the $400 filing fee to commence this action or to move for leave to proceed *in forma pauperis*, and

the time to do so has now expired.  (ECF No. 4.)  Finally, although Johnson and Stinson were both inmates at RCI at the time of the actions complained of in the Complaint, Johnson and Stinson are now inmates at ACI and LCI, respectively, and communication between them is no doubt limited.  It is thus not clear that Stinson consented to participate in or is even aware of this action.  For these reasons, it is **RECOMMENDED** that the Court **DISMISS** Stinson's claims **WITHOUT PREJUDICE**.

**D.      Class Claims**

Neither Johnson nor Stinson may represent a class of similarly-situated prisoners.  Plaintiffs are non-attorneys proceeding *pro se*.  They cannot adequately represent a class.  *Ziegler v. Michigan*, 90 F. App'x 808, 810 (6th Cir. 2004) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *see also Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) ("*pro se* prisoners are not able to represent fairly the class").  "This is because the competence of a layman is clearly too limited to allow him to risk the rights of others."  *Fymbo*, 213 F.3d at 1321.  To the extent the Complaint asserts class claims, it is **RECOMMENDED** that the Court **DISMISS** those claims pursuant to §§ 1915(e)(2) and 1915A(b)(1).

## IV.      DISPOSITION

Johnson's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (ECF No. 5) is **GRANTED**.  For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Johnson's claims pursuant to §§ 1915(e)(2) and 1915A(b)(1).  In addition, it is **RECOMMENDED** that the Court **DISMISS** Stinson's claims **WITHOUT PREJUDICE**.  It is further **RECOMMENDED** that, although Stinson has not paid the filing fee or requested leave to proceed *in forma pauperis*, the Court not assess the filing fee against Stinson in this matter.

9

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiffs and the ACI's cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE