IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **WILLIE JOHNSON**, *et al.*, : | |
| : | Case No. 2:19-cv-04114 |
| **Plaintiffs,** : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | Magistrate Judge Vascura |
| **SALLY TAMBORSKI**, *et al.*, : | |
| : | |
| : | |
| **Defendants.** : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff Willie Johnson's objection (Doc. 11) to the Magistrate Judge's October 29, 2019 Report and Recommendation (Doc. 6), recommending that Johnson's Complaint be dismissed for a failure to state a claim pursuant to 28 U.S.C. §1915(e)(2). Upon independent review, and for the reasons explained below, Johnson's objection is **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation.

**II. BACKGROUND**

Plaintiff Willie Johnson is an inmate at the Allen County Correctional Institution. He filed §1983 claims against several Ohio Department of Rehabilitation and Corrections (ODRC) employees for acts that occurred while he was an inmate at the Ross Correctional Institution. Johnson made two claims against these Defendants. First, he claimed that the Defendants violated the First Amendment by placing him in restrictive housing in retaliation for providing legal aid to another prisoner, Malcom Stinson. Second, Johnson claimed that the Defendants violated his

1

Fourteenth Amendment due process rights by refusing to allow Stinson to testify on his behalf at a disciplinary hearing.

With respect to his first cause of action, Johnson claimed that he was assisting Stinson with a claim that Stinson had filed against prison officials in the Ohio Court of Claims. In the course of this assistance, Johnson asked one of the Defendants, Sally Tamborski, a prison librarian, to deliver legal documents to Stinson. Instead, Tamborski confiscated the documents and turned them over to another Defendant, Bryan Wellinghoff, a prison investigator for the Rules Infraction Board (RIB), on the basis that Johnson was improperly possessing another prisoner's legal documents. Prison officials told Johnson to stop helping other prisoners with legal claims, or risk being placed in segregated housing. They also initiated a disciplinary action against him in front of the RIB.

With respect to Johnson's second cause of action, the RIB held a hearing about Johnson's involvement in Stinson's legal affairs. Defendant Tamborski testified against him, but Stinson was not permitted to testify. After the hearing, the RIB found Johnson guilty of rule infractions. Johnson appealed this decision to the Warden, and then to the Director of the ODRC. Both affirmed the decision of the RIB, and Johnson was placed in segregated housing.

In his Complaint, Johnson sought injunctive relief, declaratory relief, and compensatory and punitive damages. He also sought class certification on the basis that many prisoners are affected by similar conduct. The Magistrate Judge granted Johnson *in forma pauperis* status but recommended the denial of class certification and dismissal of his § 1983 claims.

Stinson was listed as a Plaintiff in the case as well, and the Magistrate Judge recommended the dismissal of his access-to-courts claim without prejudice. Stinson did not object to the Magistrate Judge's recommendation.

### III. STANDARD OF REVIEW

When either party objects to any part of a Magistrate Judge's Report and Recommendation, the district court must make a de novo determination of "any part of the magistrate judge's disposition that has been properly objected to." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). District courts need not review every detail mentioned in the objection. Rather, they only need to review specified objections, as opposed to objections that are "frivolous, conclusive, or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*citing Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)) (internal quotations omitted).

Because Johnson is a *pro se* litigant, his claims must be screened under 28 U.S.C. § 1915(e)(2) to determine whether any of his claims are cognizable before the case proceeds further. If any part of the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or is brought against a party who is immune from providing relief, it must be dismissed. Section 1915(e)(2) dismissal is analyzed under the same standard as dismissal under Fed. R. Civ. P. 12(b)(6). This means that the plaintiff must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a claim to be plausible, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To determine whether a claim is facially plausible, courts must accept all factual allegations in the complaint as true, but they do not have to accept the truth of unsupported legal conclusions. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008); *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## IV. ANALYSIS

Johnson objected to "virtually every aspect" of the Magistrate's Report and Recommendation, but this alone is too general to support an objection. Later in his objection, however, Johnson explains at length why he objects to the dismissal of his retaliation and due process claims. He never mentions the Magistrate's recommendation about class certification or his *in forma pauperis* status. Therefore, this Court only reviews the dismissal of his First Amendment retaliation and Fourteenth Amendment due process claims.

### A. Retaliation

Under the First Amendment, individuals have a cause of action for retaliation when they suffer an adverse consequence for engaging in protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). While Johnson is correct that assisting other prisoners with legal claims *can* be protected conduct, such conduct is not protected under all circumstances. *Bell v. Johnson*, 308 F.3d 594, 603, 609–10 (6th Cir. 2002) ("[W]hether activity is 'protected' . . . will depend on context." (internal citations omitted)); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). The Sixth Circuit has held that "jailhouse lawyering" is only protected conduct if the prisoner receiving assistance is incapable of filing a complaint without assistance *and* there was no alternative form of assistance available. *Evans v. Vinson*, 427 F. App'x 437, 445 (6th Cir. 2011) (citing *Gibbs*, 10 F.3d at 378).

In his Complaint, Johnson did not allege any facts to suggest that Stinson was incapable of filing his own claim. He merely stated the bald conclusion that his conduct was protected. It follows that Johnson failed to plead sufficient facts to allow this Court to conclude that his conduct was actually protected under the First Amendment. While this provides grounds to dismiss Johnson's retaliation claim, the Court will do so **WITHOUT PREJUDICE**, giving Johnson the

opportunity to perfect his claim**.**  *See Evans*, 427 F. App'x at 445-46 ("Given the liberal pleading standard applied to pro se litigants and our precedent in *Gibbs*, and assuming [plaintiff] has established the remaining elements of his claim, we find it equitable to reverse the district court's grant of summary judgment on this claim and remand to allow [plaintiff] to amend his complaint and present evidence that Sublett had no reasonable alternative to his assistance.") ("As a result, on remand [plaintiff] may establish protected conduct by proving not that he was the *only* person who could assist Sublett, but that Sublett needed assistance and had no reasonable alternative but to seek that assistance from another prisoner.") (internal citation omitted).

### B. Due Process

To prevail on a due process claim, plaintiffs must first prove that their life, liberty, or property interests were at stake.  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  Johnson asserted that the Defendants deprived him of his liberty when they placed him in segregated housing after his RIB hearing.  He claims this was unconstitutional because officials did not allow him to call witnesses in his favor.

In most cases, the state does not have to allow an inmate to call witnesses in his favor before he can be placed in segregated housing for disciplinary reasons because placement in segregation typically is not a deprivation of liberty.  *Sandin v. Conner*, 515 U.S. 472, 486 (1995).  The Supreme Court has explained that a change in a prisoner's confinement conditions generally constitutes deprivation of liberty if it "imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life."  *Id*. at 484.  Being placed in segregation is only considered an "atypical and significant" hardship in "extreme circumstances," such as when the placement in segregation is of indefinite duration or is excessively long.  *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)).

5

Johnson's claim is based solely on the fact that he was placed in segregation. He does not allege that his placement in segregated housing imposed an atypical hardship. Nor does he allege that the disciplinary hearing resulted in any other consequences which may have risen to the level of a significant hardship. Thus, Johnson failed to allege sufficient facts to suggest he was deprived of his liberty. As a result, he does not have a viable due process claim, even if the prison could have provided him with more process, because he had no life, liberty, or property interest at stake.

## V. CONCLUSION

For the reasons stated herein, Johnson's objection is **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation with the exception that Johnson's First Amendment retaliation claim is **DISMISSED WITHOUT PREJUDICE**. This case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: June 3, 2020**

6