IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIE JOHNSON, et al.,** | : | |
| Plaintiffs, | : | Civil Action 2:19-cv-4114 |
| v. | : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| | : | Magistrate Judge Chelsey M. Vascura |
| **SALLY TAMBORSKI, et al.,** | : | |
| Defendants. | : | |

## **OPINION & ORDER**

### I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 14), requesting that this Court reconsider its June 3, 2020 Opinion and Order (Doc. 12) adopting the Magistrate Judge's October 29, 2019 Report and Recommendation (Doc. 6). For the reasons stated herein, Plaintiff's Motion for Reconsideration (Doc. 14) is **DENIED**.

### II. BACKGROUND

Plaintiff Willie Johnson is an inmate at the Allen County Correctional Institution. Plaintiff commenced this action on September 16, 2019, while he was an inmate at the Ross Correctional Institution, alleging various constitutional violations under 42 U.S.C. § 1983, arising from an incident on August 14, 2017. Defendants are various employees of the Ross Correctional Institution (RCI), including: Sally Tamborski, RCI's librarian and legal service supervisor; Bryan Wellinghoff, RCI's investigator; Sgt. Hinton, RCI's Rules Infraction Board (RIB) Chairman; and H.M. Hooks, RCI's warden.

1

Plaintiff filed his Complaint on September 16, 2019 (Doc. 1) alleging a claim for retaliation and a claim for due process violations. On October 29, 2019, the Magistrate Judge issued her Report and Recommendation (Doc. 6) recommending that the Court dismiss Plaintiff's claims pursuant to §§ 1915(e)(2) and 1915A(b)(1). On January 14, 2020, Plaintiff filed his Objection to the Report and Recommendation (Doc. 11). On June 3, 2020, this Court issued an Opinion and Order (Doc. 12) adopting the Magistrate's Report and Recommendation (Doc 6.). Thus, Plaintiff's Objection was overruled and both of his claims were dismissed, resulting in a dismissal of the case.

Plaintiff filed a Motion for Reconsideration on June 26, 2020 requesting this Court to reconsider its decision in his case, alleging that this Court failed to address one of the claims in his Complaint. Plaintiff asserts that this Court failed to address his claim of a "vague and overbroad application of the rules" (Doc. 14 at 2).

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for a "motion for reconsideration." In the Sixth Circuit, however, a timely motion so styled arguably may be "pursued either under Rule 59(e)-motion to alter or amend-or under Rule 60(b)-relief from judgment or order." *Peake v. First Nat. Bank and Trust Co. of Marquette*, 717 F.2d 1016, 1019 (6th Cir. 1983) (footnotes omitted); *see also, Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998) ("Where a party's Rule 59 motion is not filed within the mandatory *** period, it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment.") (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Evans v. Cordray*, No. 2:09–CV–587, 2012 WL 3309642, at *1 (S.D. Ohio Aug.13, 2012) (noting that, in the Sixth Circuit, a motion styled as a "Request for Reconsideration" that does not cite a statute or civil rule may be pursued under Rule 59(e) or Rule 60(b)).

**A. Rule 59(e)**

Under Fed. R. Civ. P. 59(e), a district court will reconsider a prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner–Operator Indep. Drivers Ass'n, Inc. v. Arctic Exp., Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003). Additionally, a judgment may be altered or amended when necessary "to prevent manifest injustice." *Gen. Corp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A motion under Rule 59(e), however, is "not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 486 n. 5, 128 S. Ct. 2605, 171 L.Ed.2d 570 (2008) (quotation omitted). Generally, a finding of manifest injustice or a clear error of law requires "unique circumstances," such as complete failure to address an issue or claim. *McWhorter v. ELSEA, Inc.*, No. 2:00–CV–473, 2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006) (citing *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)).

The grant or denial of a Rule 59(e) motion "is within the informed discretion of the district court." *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). Significantly, "justice does not require that the district court [grant reconsideration] on an issue that would not alter the district court's prior decision." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959–60 (6th Cir. 2004).

**B. Rule 60(b)**

Rule 60(b) sets out six reasons for which the Court is authorized to grant relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable

3

diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. Pro. 60(b). Most grounds for relief under Rule 60(b) "relate to, if not require, new information about the case that could not reasonably have been discovered earlier." *GenCorp. Inc. v. Olin Corp.*, 477 F.3d 368, 372 (6th Cir. 2007); *see also Abrahamsen v. Trans–State Exp., Inc.,* 92 F.3d 425, 428 (6th Cir. 1996); *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844–46 (6th Cir. 1983). The "public policy favoring finality of judgments" generally limits the availability of relief under the rule. *See Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). This is "especially true" for Rule 60(b)(6), "which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule*." Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (citing *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)); *see also GenCorp. Inc.*, 477 F.3d at 372.

### III. LAW & ANALYSIS

Plaintiff's principle argument for reconsideration is that this Court failed to address his claim that asserted a "vague and overbroad application of the rules" (Doc. 14 at 2). While it does appear that Plaintiff attempted to claim, in both his Complaint and in his Objection, that an administrative regulation or rule was unconstitutionally vague, he fails adequately to present the claim in a fashion that would survive dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

### A. Facial Plausibility of Plaintiff's Overlooked Claim

28 U.S.C. § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue*

*Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Here, Plaintiff was found guilty of violating multiple administrative regulations, yet he fails to provide with any specificity which regulation received a vague and overbroad application. While it appears Plaintiff may be referring to a statement from Defendant Sally Tamborski, informing him that he should not be in possession of another inmate's legal documents, Plaintiff also maintains that no such rule exists (Doc. 14 at 3). Consequently, the Court has no basis to conclude that a non-existent rule is unconstitutionally vague or overbroad.

Even if Plaintiff had identified a prison rule governing his conduct, he still fails to provide with any specificity how the application of said regulation is vague and overbroad either on its face or as applied in this case currently before the Court. Due to the lack of specificity and detail within Plaintiff's claim, this Court is unable to draw the reasonable inference that the Defendant is liable for the misconduct alleged, as required to establish facial plausibility under *Twombly*. *See Twombly,* 550 U.S. at 570. Instead, Plaintiff's claim appears to be nothing more than a pleading that offers "labels and conclusions," which is insufficient. *Ashcroft,* 556 U.S. at 678.

### B. Analysis of Rule 59(e) and Rule 60(b)

Plaintiff's arguments are neither grounds for reconsideration under Rule 59(e), nor grounds entitling him to relief from judgment under Rule 60(b). Plaintiff does not claim either the existence of newly discovered evidence or an intervening change in controlling law. Neither

has he demonstrated to this Court that its ruling is the product of a clear error of law or that it results in a manifest injustice. While Plaintiff does argue that the Court failed to address one of his claims, justice does not require the Court to grant reconsideration on an issue that would not alter the Court's prior decision. *See Rodriguez*, 89 F. App'x at 959–60. Because Plaintiff's claim lacked facial plausibility, it would not have survived dismissal and therefore would not alter the Court's prior decision in this case.

Furthermore, Plaintiff's motion does not meet his burden of demonstrating his entitlement to relief for any of the limited reasons set forth in Rule 60(b)(1)-(5), nor does he articulate any "exceptional or extraordinary circumstances" to warrant invoking the catch-all provision of Rule 60(b)(6). *Blue Diamond Coal Co.,* 249 F.3d at 524 (citing *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990)). Unsupported allegations asserting a vague and overbroad application of the rules is insufficient to entitle Plaintiff to relief from judgment under Rule 60(b).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Doc. 14) is **DENIED.**

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: August 24, 2020**