# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**WILLIE JOHNSON,** *et al.*,

    **Plaintiffs,**

  v.                                **Civil Action 2:19-cv-4114**
                                        **Chief Judge Algenon L. Marbley**
                                        **Magistrate Judge Chelsey M. Vascura**

**SALLY TAMBORSKI,** *et al.*,

    **Defendants.**

## ORDER and NOTICE

Plaintiff, Willie Johnson, an inmate at Allen County Correctional Institution, who is proceeding without the assistance of counsel, has filed a Notice of Appeal (ECF No. 15) of the Court's Order Adopting Report and Recommendation dismissing this civil rights action under 42 U.S.C. § 1983 (ECF No. 12). Plaintiff has also filed a Motion seeking leave to appeal *in forma pauperis*. (ECF No. 16.) For the reasons that follow, the Court **DENIES** Plaintiff's Motion for Leave to Appeal *in forma pauperis* (ECF No. 16) and **CERTIFIES**, pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A) and 28 U.S.C. § 1915(a)(3), that any appeal of the above-captioned action would *not* be taken in good faith. Accordingly, if Plaintiff intends to proceed with his appeal, **WITHIN THIRTY DAYS** of the date of this Order and Notice, Plaintiff may either pay the $505 filing fee or move for leave to proceed on appeal *in forma pauperis* **in the United States Court of Appeals for the Sixth Circuit** as set forth in Federal Rule of Appellate Procedure 24(a)(5).

In relevant part, Rule 24 of the Federal Rules of Appellate Procedure provides as follows:

> A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization unless:
>
> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
>
> (B) a statute provides otherwise.

Fed. R. App. P. 24(a)(3). Similarly, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." Here, the Court concludes that any appeal of this action would not be taken in good faith because Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Plaintiff commenced this action on September 16, 2019, while he was an inmate at the Ross Correctional Institution, alleging various constitutional violations under 42 U.S.C. § 1983. The magistrate judge issued a Report and Recommendation on October 29, 2019, finding that Plaintiff's claims were subject to dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A for failure to state a claim on which relief could be granted, as follows:

(1) Plaintiff failed to state a claim for First Amendment retaliation, arising out of Plaintiff's provision of legal assistance to another inmate, because Plaintiff had not alleged that the other inmate in question required help to file his own complaint or lacked reasonable alternatives to Plaintiff's assistance; and

(2) Plaintiff failed to state a Due Process claim, arising out of his temporary placement in disciplinary segregation following a ruling by the Rules Infraction Board, because Plaintiff failed to allege a deprivation that implicated federal due process concerns.

(R. & R. 6–8, ECF No. 6.)  On June 3, 2020, the Court overruled Plaintiff's objections and adopted the Report and Recommendation.  (ECF No. 12.)  This Court further denied Plaintiff's motion for reconsideration of the June 3, 2020 Order on August 24, 2020.  (ECF No. 19.)

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to Proceed on Appeal *In Forma Pauperis* (ECF No. 16) and **CERTIFIES**, pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A) and 28 U.S.C. § 1915(a)(3), that any appeal of this action would *not* be taken in good faith.  Accordingly, if Plaintiff intends to proceed with his appeal, **WITHIN THIRTY DAYS** of the date of this Order and Notice, Plaintiff may either pay the $505 filing fee or move for leave to proceed on appeal *in forma pauperis* **in the United States Court of Appeals for the Sixth Circuit** as set forth in Federal Rule of Appellate Procedure 24(a)(5).  Finally, because the Court of Appeals has electronic access to this Court's docket, Plaintiff's Motion for Complete Transcript and All Filings and Proceedings Filed in the District Court (ECF No. 17) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  September 8, 2020**

3